UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Garrett Bernard Tupper, Jr.,<br><br>                                  Appellant,<br><br>                    -v-<br><br>SN Servicing Corporation.<br><br>                                  Appellee. | 2:23-cv-6644,<br>2:23-cv-9243, &<br>2:24-cv-1266 |

### MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, District Judge:

Before me are three bankruptcy appeals filed by pro se appellant Garrett Bernard Tupper, Jr. ("Tupper"): *Tupper v. SN Servicing Corp.*, No. 2:23-cv-6644 (E.D.N.Y.) ("*Tupper I*"); *Tupper v. SN Servicing Corp.*, No. 2:23-cv-9243 (E.D.N.Y.) ("*Tupper II*"); and *Tupper v. SN Servicing Corp.*, No. 2:24-cv-1266 (E.D.N.Y.) ("*Tupper III*"). In each of these cases, Tupper has appealed from an order issued in his underlying Chapter 13 bankruptcy action, *In re: Garrett Bernard Tupper, Jr.*, No. 8-23-72869 (Bankr. E.D.N.Y.).[1] For the reasons set forth below, all three appeals are dismissed.

### BACKGROUND

**I.    Foreclosure Action of Tupper's Property**

In August 2012, Tupper purchased property at 537 Liberty Avenue, Williston Park, NY 11596 ("Liberty Avenue Property") with a loan and took on a mortgage to repay that loan with

---

[1] "Bankr. ECF" refers to docket entries in this bankruptcy action, *In re Tupper*, No. 8-23-72869 (Bankr. E.D.N.Y.).

MTGLQ Investors, L.P. (Bankr. ECF No. 15 ¶ 2; Bankr. ECF No. 15-1.) The loan was later assigned to SN Servicing Corporation ("SN Servicing"), which is the appellee in each of the three appeals before this Court and a servicer for U.S. Bank Trust National Association, as Trustee of the Dwelling Series IV Trustee. (Bankr. ECF No. 15 ¶¶ 2, 5.) Tupper failed to make mortgage payments and repay the loan by September 1, 2017, the date the loan was due. (*Id.* ¶ 4; Bankr. ECF No. 15-2.) MTGLP Investors, L.P. commenced a foreclosure action in the Supreme Court of New York, Nassau County, and on August 8, 2022, the court entered a judgment of foreclosure and sale of the Liberty Avenue Property. Judgment, *MTGLQ Investors, L.P. v. Tupper*, No. 614054/18 (N.Y. Sup. Ct. Aug. 8, 2022); *see also* Bankr. ECF No. 15-2; Bankr. ECF No. 15 ¶¶ 2, 6. By the time of the judgment of foreclosure and sale, SN Servicing had been assigned the mortgage on the property. (Bankr. ECF No. 15 ¶ 7.)

A foreclosure sale of the Liberty Avenue Property was initially scheduled for December 7, 2022. (Bankr. ECF No. 15-4 at 6.) Tupper filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on December 5, 2022.[2] (*See* Bankr. Not., Aug. 7, 2023.) Under 11 U.S.C. § 362(a) ("Section 362(a)"), the filing of the Chapter 13 petition imposed an automatic stay of all actions against Tupper, which resulted in cancellation of the December 7, 2022 foreclosure sale. (Bankr. ECF No. 15 ¶ 9.) On March 9, 2023, the bankruptcy court granted SN Servicing's motion to dismiss Tupper's first bankruptcy case for failure to file certain required disclosures. *In re Tupper*, No. 8-22-73436 (Bankr. E.D.N.Y.), ECF Nos. 14, 21.

After dismissal of the initial bankruptcy case, SN Servicing scheduled a second foreclosure sale for August 8, 2023. (Bankr. ECF No. 15-2 at 17.) On August 7, 2023, just before

---

[2] This first bankruptcy case is docketed as *In re Garrett B Tupper, Jr.*, No. 8-22-73436 (Bankr. E.D.N.Y.).

the scheduled foreclosure sale, Tupper filed another petition for bankruptcy under Chapter 13 of the Bankruptcy Code. (Bankr. ECF No. 1.) The filing of this second petition triggered a second automatic stay of proceedings against Tupper under Section 362(a). The stay was set to automatically terminate after thirty days on September 6, 2023, pursuant to 11 U.S.C. § 362(c)(3) because, at the time Tupper filed the second bankruptcy petition, he had already previously filed for bankruptcy within the prior year and that petition had been dismissed.[3]

## II.     *Tupper I*

On August 7, 2023, Tupper filed a motion "[r]equesting an order extending the automatic stay." (Bankr. ECF No. 7.) On August 17, 2023, SN Servicing filed an objection to Tupper's motion to extend the stay. (Bankr. ECF No. 15.) On August 24, 2023, the bankruptcy court held a hearing on Tupper's motion. (Bankr. Elec. Order, Aug. 24, 2023.) That same day, the bankruptcy court entered an order denying Tupper's motion to extend the stay on the basis that Tupper failed to make the showing required for an extension—proof "by clear and convincing

---

[3] 11 U.S.C. § 362(c)(3) provides that:

> if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . . .

3

evidence that he had a substantial change in his financial or personal affairs sufficient to rebut the statutory presumption that this case was not filed in good faith pursuant to 11 U.S.C. § 362(c)(3)(B) and (C)(III)(aa)." (Bankr. ECF No. 23.)[4] Accordingly, the bankruptcy court found that the stay of proceedings triggered by the filing of Tupper's second bankruptcy petition would expire after thirty days as to Tupper and his property. (Bankr. ECF No. 23.) The bankruptcy court found, however, that the stay would not expire as to the property of the *estate*. (*Id*.) It relied on *In re Hale*, 535 B.R. 520 (Bankr. E.D.N.Y. 2015), in which the court found that under Section 362(c)(3)(A), the automatic stay imposed under Section 362(a) expires after thirty days for certain repeat bankruptcy filers only as to the stay of proceedings against a debtor and their property, but not as to proceedings against the property of the bankruptcy estate. (*Id.* (citing *Hale*, 535 B.R. at 527).)

On September 6, 2023, Tupper filed a notice of appeal of the bankruptcy court's August 24, 2023 order denying an extension of the thirty-day stay. (Bankr. ECF No. 24.) This notice of appeal initiated the appeal in *Tupper I*. (*Tupper I*, ECF No. 1.)

---

[4] 11 U.S.C. § 362(c)(3)(B) provides that a bankruptcy court may grant a party's motion to extend the automatic stay triggered by the filing of a second or subsequent bankruptcy petition "only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . . ." 11 U.S.C. § 362(c)(3)(C)(III)(aa) provides that

> for purposes of [Section 362(c)(3)(B)], a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) . . . . as to all creditors if . . . (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded-- . . . (aa) if a case under chapter 7, with a discharge . . . .

### III. *Tupper II*

On October 23, 2023, SN Servicing filed a motion in the second bankruptcy action for relief from the stay under 11 U.S.C. § 362(d)(1)–(2) in order to hold a foreclosure sale of the Liberty Avenue Property. (Bankr. ECF No. 59.)[5] Tupper opposed on November 3, 2023; SN Servicing filed a reply on November 9, 2023; and Tupper filed a sur-reply on November 17, 2023. (Bankr. ECF Nos. 62, 64, 67.) The bankruptcy court held a hearing on SN Servicing's motion on December 5, 2023. (Bankr. Hr'g, Dec. 5, 2023.)

On December 7, 2023, the bankruptcy court granted SN Servicing's motion for relief from the automatic stay and vacated the stay under 11 U.S.C. § 1301(c) as to SN Servicing's interest in the Liberty Avenue Property to allow SN Servicing to enforce its rights in, and remedies in and to the Liberty Avenue Property. (Bankr. ECF No. 69.) On December 18, 2023, Tupper filed a notice of appeal from the court's December 7, 2023 order, initiating the appeal in *Tupper II*. (Bankr. ECF No. 76; *Tupper II*, ECF No. 1.)

### IV. *Tupper III*

On December 4, 2023, the Chapter 13 trustee filed a motion to dismiss the second bankruptcy action under 11 U.S.C. § 1307(c), arguing that Tupper's Chapter 13 plan was not feasible. (Bankr. ECF No. 68.) Tupper opposed on December 18, 2023, and the bankruptcy court held a hearing on the motion on January 4, 2024. (Bankr. ECF No. 75; Bankr. Hr'g, Jan. 4,

---

[5] 11 U.S.C. § 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [Section 362(a)], such as by terminating, annulling, modifying, or conditioning such stay— (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if— (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization; . . . .

2025.) On February 2, 2024, the bankruptcy court issued an order dismissing the second bankruptcy action pursuant to 11 U.S.C. § 1307(c). (Bankr. ECF No. 92.) The court found that because Tupper's Chapter 13 plan was not feasible, it could not be confirmed under 11 U.S.C. § 1325(a)(5), and that accordingly, the best interests of the creditors and the estate required that the case be dismissed pursuant to 11 U.S.C. § 1307(c). (*Id.* at 7–8.)

On February 16, 2024, Tupper filed a notice of appeal from the court's February 2, 2024 dismissal order. (Bankr. ECF No. 95.) This notice of appeal initiated the appeal in *Tupper III*. (*Tupper III*, ECF No. 1.)

On March 18, 2024, the Clerk of Court docketed the bankruptcy record in *Tupper III* with a notice that the record received was incomplete. (*Tupper III*, Not., Mar. 18, 2024.)[6] This notice warned Tupper that he "must serve and file a brief within 30 days of this notice" in accordance with Federal Rule of Bankruptcy Procedure 8018 ("Bankruptcy Rule 8018"). *Id.*; *see also* Fed. R. Bankr. P. 8018(a)(1) ("The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.") On the same day, this notice was mailed to Tupper at his address of record, which was on his notice of appeal. (*Tupper III*, ECF No. 1 at 5.) Based on the March 18, 2024 Notice, Tupper's brief in support of his appeal in *Tupper III* was due on April 17, 2024.

Tupper did not file a brief in support of the appeal in *Tupper III* by the April 17, 2024 deadline. Nor did he provide any information to supplement or correct the record on this appeal.

On July 25, 2024, in *Tupper III*, this Court ordered Tupper to file any outstanding portions of the bankruptcy record and the brief in support of his appeal by August 16, 2024.

---

[6] The electronic dockets in *Tupper I* and *Tupper II* also reflect that the bankruptcy records transmitted in those appeals are incomplete. (*See Tupper I*, ECF No. 2; *Tupper II*, ECF No. 4.)

6

(*Tupper III*, Elec. Order, July 25, 2024.) The Court warned that under Bankruptcy Rule 8018, "the district court . . . after notice, may dismiss [an] appeal on its own motion" where the appellant fails to file a brief on time. (*Id.* (citing Fed. R. Bankr. P. 8018(a)(1)).) The Court further warned Tupper that "[f]ailure to comply with this order will result in dismissal of this appeal without further notice pursuant to Bankruptcy Rule 8018." (Elec. Order, July 25, 2024.) The Court's order was mailed to Tupper at his address of record on July 25, 2024.

To date, five months have elapsed since the docketing of the bankruptcy record in *Tupper III*. Moreover, the August 16, 2024 deadline by which Tupper was required to supplement the record on appeal and file an appellate brief in *Tupper III* has passed. Tupper has failed to supplement or correct the appellate record and to serve and file a brief in support of his appeal in *Tupper III*, and has not moved for an extension of time in which to do either of these things.

## DISCUSSION

### I. *Tupper III* is Dismissed Because Tupper Failed to File a Brief Even After Receiving a Warning from the Court.

Bankruptcy Rule 8018 governs the filing of appellate briefs in bankruptcy appeals. Fed. R. Bankr. P. 8018. Under Bankruptcy Rule 8018(a), the appellant "must serve and file a brief within 30 days after the docketing of the notice that the record has been transmitted or is available electronically" except where "the district court or [bankruptcy appellate panel ("BAP")] by order in a particular case excuses the filing of briefs or specifies different time limits." Fed. R. Bankr. P. 8018(a); *see also* Fed. R. Bankr. P. 8001(b).[7]

---

[7] A bankruptcy appellate panel is a panel "established by a circuit's judicial council" that is "authorized to hear appeals from a bankruptcy court under 28 U.S.C. § 158." Fed. R. Bankr. P. 8001(b).

"If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4); *see also In re Lynch*, No. 19-2965, 2022 WL 16467 (2d Cir. Jan. 3, 2022) (affirming dismissal of bankruptcy appeal where the appellant failed to file a brief after receiving notice of the potential dismissal). The Second Circuit has instructed district courts that before dismissing a bankruptcy appeal on procedural grounds, courts should "consider whether a lesser sanction would be appropriate[;]" whether the litigant's "behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." *Lynch*, 2022 WL 16467, at *1 (citing *In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006)). Courts should also "provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct." *Id.* (citing *Harris*, 464 F.3d at 272).

Considering each of the factors set forth in *Harris*, 464 F.3d 263, dismissal of *Tupper III* is appropriate at this time under Bankruptcy Rule 8018(a)(4). More than five months have passed since the Bankruptcy Record was docketed, and Tupper has taken no steps to prosecute his appeal, despite instructions and orders from this Court. After Tupper filed his notice of appeal on February 16, 2024, the Bankruptcy Record was docketed on March 18, 2024, with a notice that the bankruptcy record received was incomplete and with an instruction that Tupper was to serve and file his brief within thirty days, in accordance with Bankruptcy Rule 8018. (Bankr. ECF No. 95; *Tupper III*, Not., Mar. 18, 2024.) Tupper failed to comply with this schedule, failed to otherwise correct the record, and failed to file any request for an extension of time with the Court. On July 25, 2024, the Court ordered Tupper to file any outstanding portions of the

8

bankruptcy record and his appellate brief within three weeks—by August 16, 2024. (*Tupper III*, Elec. Order, July 25, 2024.) The Court warned that "[f]ailure to comply with this order will result in dismissal of this appeal without further notice pursuant to Bankruptcy Rule 8018." (*Id.*) Tupper has failed to respond in any way to the Court's July 25, 2024 order, even though the order warned Tupper that a failure to respond would result in the dismissal of his appeal.

Tupper has thus demonstrated a pattern of negligence in the prosecution of this appeal. Further, this continued delay, with no indication of when Tupper may file his brief, if ever, is prejudicial to SN Servicing, which has faced repeated delays in attempting to enforce its rights to the Liberty Avenue Property, including Tupper's filing of a first bankruptcy action that was dismissed. Further, Tupper's repeated filings of bankruptcy actions right before scheduled foreclosure sales raises an inference of bad faith. Lastly, no sanction other than dismissal is appropriate at this point because Tupper was given an opportunity to file his appellate brief and to correct the bankruptcy record on this appeal, but failed to respond in any way.

The appeal in *Tupper III* is therefore dismissed under Bankruptcy Rule 8018(a)(4) because Tupper has failed to file his appellate brief within the timelines required by the Bankruptcy Rules and this Court, and the *Harris* factors weigh in favor of dismissal. *See Lynch*, 2022 WL 16467, at *1–2. The appeal in *Tupper III* is also dismissed for failure to prosecute because the Court warned Tupper of the possibility of dismissal for failure to file an appellate brief and provided him an opportunity to respond to that warning, but Tupper failed to act in any way. *See In re Castaldo*, No. 07-1840, 2009 WL 754793, at *1 (2d Cir. Mar. 24, 2009) (finding that a dismissal for failure to prosecute a bankruptcy action "is not an abuse of discretion if it

occurs after a party is asked to explain the failure to prosecute and fails to respond to the court's order").[8]

## II. *Tupper I* and *Tupper II* are Dismissed as Moot.

Under the doctrine of constitutional mootness, this Court lacks subject matter jurisdiction over an appeal that is moot. *AmeriCredit Fin. Servs., Inc. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010). "A case is moot when the parties lack a legally cognizable interest in the outcome."

---

[8] In the alternative, the appeal in *Tupper III* is dismissed with prejudice for failure to prosecute under Rule 41(b), Fed. R. Civ. P. "Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111–12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*." (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))). Courts in this district have found that a court may dismiss a bankruptcy appeal for failure to prosecute under Rule 41(b). *See e.g., Krichevsky v. DeRosa*, No. 22-cv-4472, 2023 WL 6385713 (E.D.N.Y. Sept. 29, 2023); *Fetman v. Aish Hatorah of N.Y. Inc.*, No. 17-cv-1247, 2018 WL 4288630, at *2 (E.D.N.Y. Sept. 7, 2018) (collecting cases). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Here, these factors favor dismissal of Tupper's appeal. First, Tupper has taken no action to prosecute his case in more than five months, despite a warning from this Court. Second, the July 25, 2024 order placed Tupper on notice that his case would be dismissed if he failed to file his brief by August 16, 2024. Third, Tupper has caused an unreasonable delay in the second bankruptcy proceeding by failing to prosecute this appeal and any further delay is likely to prejudice SN Servicing, which has already experienced delay in enforcing its rights and remedies with respect to the Liberty Avenue Property due to Tupper's first bankruptcy action, which was dismissed. Fourth, balancing the Court's interest in managing its docket with Tupper's interest in receiving a fair chance to be heard weighs in favor of dismissal, particularly given that Tupper has expressed no interest in preserving his chance to be heard on this appeal. Fifth, the record suggests that no lesser sanction than dismissal without prejudice would be effective in compelling Tupper to move this case forward. Accordingly, given that the time for Tupper to comply has expired, the appeal is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

*Id.* An appeal must be dismissed as moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *First Unum Life Ins. Co. v. Wulah*, 506 F. App'x 1, 1 (2d Cir. 2012) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)) (brackets omitted).

As discussed above, this Court has dismissed *Tupper III*, Tupper's appeal of the bankruptcy court's February 2, 2024 dismissal of the second bankruptcy action, due to Tupper's failure to file an appellate brief. *See supra*, Section I. The dismissal of *Tupper III* requires dismissal of Tupper's separate appeals from two interlocutory orders issued by the bankruptcy court in the course of the second bankruptcy action: (1) the August 24, 2023 order concerning the length of the automatic stay triggered by the filing of the second bankruptcy action (*Tupper I*); and (2) the December 7, 2023 order limiting the scope of the automatic stay to exclude SN Servicing's effort to foreclose the Liberty Avenue Property (*Tupper II*). The automatic stay terminated once the second bankruptcy action was dismissed on February 2, 2024. 11 U.S.C. § 362(c)(2)(B) ("[T]he stay of any other act under [Section 362(a)] continues until the earliest of-- (A) the time the case is closed; (B) the time the case is dismissed; or (C) . . . the time a discharge is granted or denied [in, among others, a Chapter 13 case.]"). The Court cannot fashion effective relief in either of the appeals from bankruptcy court orders addressing the length or scope of the automatic stay because (1) the dismissal of the second bankruptcy action terminated the automatic stay, and (2) Tupper's appeal from that dismissal has been dismissed by this Court due to his failure to prosecute the appeal. Accordingly, *Tupper I* and *II* are dismissed as moot and this Court does not have subject matter jurisdiction to entertain them.

## CONCLUSION

For the reasons set forth above, *Tupper III* is dismissed under Bankruptcy Rule 8018, and *Tupper I* and *Tupper II* are dismissed as moot. The Clerk of the Court is respectfully directed to mail a copy of this order to Appellant Tupper at his address of record and to record such mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
August 30, 2024

                  */s/ Nusrat J. Choudhury*
                  NUSRAT J. CHOUDHURY
                  United States District Judge